PONCE YACHT CLUB, INC., peticionario, *v.* TRIBUNAL DE CONTRIBUCIONES DE PUERTO RICO, ETC., demandado.

Núm. 74.—*Sometido:* Marzo 18, 1946. *Resuelto:* Julio 24, 1946.

*Vicente Zayas Pizarro,* abogado del recurrente; *Hon. Procurador General E. Campos del Toro* y *J. B. Fernández Badillo,* abogado éste del Departamento de Justicia, abogados del Interventor, Tesorero de Puerto Rico, querellado en el pleito principal.

EL JUEZ ASOCIADO SEÑOR SNYDER emitió la opinión del tribunal.

El 25 de noviembre de 1942 el Tesorero notificó al peticionario de la imposición de una contribución sobre su propiedad mueble e inmueble para el año fiscal 1942–43. Posteriormente, se impuso una contribución similar para los años 1943–44. La notificación expresaba que si el peticionario creía que no debía pagar la contribución, podía impugnarla ante el Tribunal de Apelación de Contribuciones pagando la parte de ella con la cual estuviera conforme dentro de 60 días y radicando su querella dentro de los 30 días siguientes, de conformidad con el artículo 309 del Código Político.

En 23 de diciembre de 1942 el peticionario escribió al Tesorero solicitando que la imposición de esta contribución fuera "dejada sin efecto" por el fundamento de que el peticionario estaba exento de la contribución de acuerdo con el artículo 291(e) del Código Político. El 8 de febrero de 1943 un subalterno del Tesorero le escribió al peticionario requiriéndole de pago. El 23 de febrero de 1943 el abogado del peticionario fué al Departamento de Hacienda y confe-

renció con funcionarios subalternos quienes, de acuerdo con su testimonio, convinieron verbalmente con él en que la tasación debía quedar sin efecto mientras el Departamento estuviera considerando su contención de que la propiedad del peticionario estaba exenta de esta contribución. Luego de cruzarse alguna correspondencia adicional entre el abogado del peticionario y el Tesorero, el 12 de mayo de 1944 el Subtesorero le escribió al peticionario demandándole el pago de la contribución. El 24 de mayo de 1944 el peticionario radicó su querella en el Tribunal de Contribuciones, la cual fué desestimada por el fundamento de no haberse radicado dentro del término prescrito por la Ley.

■■ De acuerdo con el artículo 4 de la Ley núm. 172, Leyes de Puerto Rico, 1941 ((1) pág. 1039), como fué enmendada por Ley núm. 32, Leyes de Puerto Rico, 1941, Sesión Extraordinaria (pág. 115), que era la ley en vigor cuando este caso surgió, el Tribunal de Apelación de Contribuciones tenía jurisdicción en un caso de esta naturaleza para revisar una decisión administrativa del Tesorero. Y la notificación del 25 de noviembre de 1942 era claramente tal decisión. Por consiguiente, de conformidad con el artículo 309 del Código Político, como fué enmendado por la Ley núm. 222, Leyes de Puerto Rico, 1942 ((1) pág. 1247), el peticionario venía obligado a pagar dentro de sesenta días aquella parte de la contribución con la cual estaba conforme, y a radicar una querella dentro de los treinta días del pago. Toda vez que el peticionario asumió la posición de que estaba exento del pago de cualquier contribución, tenía derecho a lo sumo a esperar hasta noventa días después del 25 de noviembre de 1942, antes de radicar su querella.

■ Sin embargo, el peticionario sostiene que la conferencia sostenida por su abogado con los funcionarios subalternos del Departamento el 23 de febrero de 1943, cuando ya la fecha que tenía para demandar en el Tribunal de Contribuciones estaba próxima a expirar, tuvo el efecto legal de

abrogar la decisión del Tesorero del 25 de noviembre de 1942, y que por tanto tenía derecho a radicar una querella en el Tribunal de Contribuciones fundada en la alegada nueva decisión administrativa del 12 de mayo de 1944. Aun cuando se celebró la conferencia en cuestión no podemos convenir en que pueda tener el efecto legal que le atribuye el peticionario. Quizá, como sostuvo el Tribunal de Contribuciones, resultó en diferir las actuaciones administrativas del·Tesorero encaminadas hacia el cobro de la contribución. Pero algo más que una conferencia informal como ésa con funcionarios subalternos debe exigirse antes de que estuviéramos justificados en sostener que una decisión administrativa, de la cual el contribuyente tiene derecho a apelar para ante el Tribunal de Contribuciones, ha sido retirada.

*La resolución del Tribunal de Contribuciones será confirmada.*